**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------  x
MICHELLE TENZER-FUCHS, on behalf of              :
herself and all others similarly situated,       :   CIVIL ACTION NO. 20cv3801(GRB)(ARL)
                                                 :
                   Plaintiff,                    :   ANSWER TO CLASS ACTION
                                                 :   COMPLAINT
v.                                               :
                                                 :
DACM DIGITAL, LLC,                               :
                                                 :
                   Defendant.                    :
                                                 :
------------------------------------------------------------  x
```

# I
## ADMISSIONS AND DENIALS

Defendant DACM DIGITAL LLC ("Defendant"), by undersigned counsel, answers plaintiff Michelle Tenzer-Fuchs's Class Action Complaint as follows:

### INTRODUCTION

1. Paragraph "1" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "2" of the Complaint.

3. Paragraph "3" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

4. Paragraph "4" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

## JURISDICTION AND VENUE

5. Paragraph "5" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and denies that Plaintiff is entitled to any relief whatsoever, whether based in law or equity.

6. Paragraph "6" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

7. Paragraph "7" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

8. Paragraph "8" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

9. Paragraph "9" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

10. Paragraph "10" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

## PARTIES

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "11" of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "12" of the Complaint.

13. Defendant denies the allegations as pleaded in Paragraph "13" of the Complaint except admits it is a Delaware limited liability company.

14. Paragraph "14" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

15. Paragraph "15" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

## NATURE OF ACTION

16. Paragraph "16" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

17. Paragraph "17" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "19" of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "20" of the Complaint.

21. Paragraph "21" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "22" of the Complaint.

## STATEMENT OF FACTS

23. Defendant denies the allegations as pleaded in Paragraph "23" of the Complaint except admits that it owns, operates, manages, or controls the website www.augustmcgregor.com and sells its products on said website.

24. Paragraph "24" of the Complaint contains legal conclusions to which no response

is required. To the extent a response is required, Defendant denies same.

26. Defendant denies the allegations as pleaded in Paragraph "25" of the Complaint and refers to www.augustmcgregor.com.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "27" of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "28" of the Complaint and denies that any access barriers were present.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "29" of the Complaint and denies that any access barriers were present.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "30" of the Complaint and denies that any access barriers were present.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "31" of the Complaint and denies that any access barriers were present.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "32" of the Complaint and denies that any access barriers were present.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "33" of the Complaint and

denies that any access barriers were present.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "34" of the Complaint and denies that any access barriers were present.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "35" of the Complaint and denies that any access barriers were present.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "36" of the Complaint and denies that any access barriers were present.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's actions in Paragraph "37" of the Complaint and denies that any access barriers were present.

38. Defendant denies the allegations in Paragraph "38" of the Complaint.

39. Defendant denies the allegations in Paragraph "39" of the Complaint.

40. Paragraph "40" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and denies that Plaintiff is entitled to any relief whatsoever, whether based in law or in equity.

41. Paragraph "41" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and denies that Plaintiff is entitled to any relief whatsoever, whether based in law or in equity.

42. Defendant denies the allegations in Paragraph "42" of the Complaint.

43. Defendant denies the allegations in Paragraph "43" of the Complaint.

44. Paragraph "44" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

## CLASS ACTION ALLEGATIONS

45. Defendant denies the allegations contained in Paragraph "45" of the Complaint except admits that Plaintiff has alleged an intent to seek certification of a nationwide class pursuant to Fed. R. Civ. P. 23(a) and 23(b) (2). Defendant affirmatively states that this action is inappropriate for class treatment.

46. Defendant denies the allegations contained in Paragraph "46" of the Complaint except admits that Plaintiff has alleged an intent to seek certification of a New York City subclass pursuant to Fed. R. Civ. P. 23(a) and 23(b) (2). Defendant affirmatively states that this action is inappropriate for class treatment.

[Hereafter, the numbering of paragraphs in the Complaint restarts at 1.]

1. Defendant denies the allegations contained in Paragraph "1" of the Complaint and affirmatively states that this action is inappropriate for class treatment.

2. Defendant denies the allegations contained in Paragraph "2" of the Complaint and affirmatively states that this action is inappropriate for class treatment.

3. Defendant denies the allegations contained in Paragraph "3" of the Complaint and affirmatively states that this action is inappropriate for class treatment.

4. Defendant denies the allegations contained in Paragraph "4" of the Complaint and affirmatively states that this action is inappropriate for class treatment.

5. Defendant denies the allegations contained in Paragraph "5" of the Complaint and affirmatively states that this action is inappropriate for class treatment.

FIRST CAUSE OF ACTION
VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

6. Defendant repeats and realleges the responses to Paragraphs "1" through "46" and "1" through "5" above as if fully set forth herein in response to Paragraph "6" of the Complaint.

7. Paragraph "7" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

8. Paragraph "8" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

9. Paragraph "9" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

10. Paragraph "10" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

11. Paragraph "11" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court

to the statute referenced therein for an accurate statement of its content.

12. Paragraph "12" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

13. Paragraph "13" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYSHRL

14. Defendant repeats and realleges the responses to Paragraphs "1" through "46" and "1" through "14" above as if fully set forth herein in response to Paragraph "14" of the Complaint.

15. Paragraph "15" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

16. Paragraph "16" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

17. Paragraph "17" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is

8

entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

18. Paragraph "18" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

19. Paragraph "19" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

20. Paragraph "20" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

21. Paragraph "21" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

22. Paragraph "22" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

23. Defendant denies the allegations contained in Paragraph "23" of the Complaint

and denies that there has been any discriminatory conduct on the part of the Defendant.

24. Paragraph "24" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

25. Paragraph "25" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same.

26. Paragraph "26" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

27. Paragraph "27" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

28. Paragraph "28" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity.

29. Paragraph "29" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NYCHRL

30. Defendant repeats and realleges the responses to Paragraphs "1" through "46" and "1" through "29" above as if fully set forth herein in response to Paragraph "30" of the Complaint.

31. Paragraph "31" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

32. Paragraph "32" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

33. Paragraph "33" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

34. Paragraph "34" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

35. Paragraph "35" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court

to the statute referenced therein for an accurate statement of its content.

36. Paragraph "36" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

37. Defendant denies the allegations contained in Paragraph "37" of the Complaint and denies that there has been any discriminatory conduct on the part of the Defendant.

38. Paragraph "38" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

39. Paragraph "39" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

40. Paragraph "40" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

41. Paragraph "41" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity.

42. Paragraph "42" of the Complaint contains legal conclusions to which no response

is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statute referenced therein for an accurate statement of its content.

FOURTH CAUSE OF ACTION
DECLARATORY RELIEF

43. Defendant repeats and realleges the responses to Paragraphs "1" through "46" and "1" through "42" above as if fully set forth herein in response to Paragraph "43" of the Complaint.

44. Paragraph "44" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity, and respectfully refers the Court to the statutes referenced therein for an accurate statement of its content.

45. Paragraph "45" of the Complaint contains legal conclusions to which no response is required. To the extent a response is required Defendant denies same, denies Plaintiff is entitled to any relief whatsoever whether based in law or equity.

PRAYER FOR RELIEF

The "PRAYER FOR RELIEF" paragraphs immediately following Paragraph "45" of the Complaint state requests for relief to which no responsive pleading is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief whatsoever whether based in law or equity.

**II
DEFENSES**

FIRST DEFENSE:

The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE:

Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an improper venue.

THIRD DEFENSE:

Plaintiff's claims are time-barred and/or precluded, in whole or in part, by virtue of the expiration of the applicable Statute of Limitations.

FOURTH DEFENSE:

Plaintiff's claims are barred in whole or in part because she lacks standing to bring some of all of the claims asserted herein and/or to obtain the relief requested in the instant litigation.

FIFTH DEFENSE:

Plaintiff does not have a legitimate and/or bona fide intent to attempt to access the website identified in the Complaint other than for the purpose of pursuing litigation and, therefore lacks standing to bring these claims.

SIXTH DEFENSE:

The alleged barriers provided effective access to Plaintiff. Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint (which alleged noncompliance is expressly denied) was *de minimis,* the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

SEVENTH DEFENSE:

Any alleged wrongful acts or omissions performed by Defendant (all of which are expressly denied), do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff

14

Case 2:20-cv-03801-GRB-ARL   Document 5   Filed 09/25/20   Page 15 of 18 PageID #: 49

never asked for or sought any assistance.

## EIGHTH DEFENSE:

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendant's alleged violations of federal, state, city, or local laws.

## NINTH DEFENSE:

Plaintiff's claims are barred because Defendant did not deny Plaintiff a full and equal opportunity to utilize Defendant's website on the basis of an alleged disability.

## TENTH DEFENSE:

Plaintiff's request for injunctive relief is barred because she cannot prove injury in fact or irreparable harm.

## ELEVENTH DEFENSE:

At all times relevant to this action, Defendant acted lawfully and in good faith with no intent to deny Plaintiff any rights under federal, state, city, or local laws.

## TWELFTH DEFENSE:

At all times relevant to this action, Defendant has acted in good faith to ensure compliance with Title III of the ADA and all other applicable federal, state, city, and local disability laws to the extent readily achievable and/or required by law.

## THIRTEENTH DEFENSE:

Defendant did not discriminate against Plaintiff or deny her a full and equal opportunity to access and enjoy the benefits, goods, and services provided on the website at issue. While there are no barriers to accessing the website at issue, Defendant, additionally, has provided equivalent facilitation and/or appropriate means for patrons with disabilities to access and enjoy the goods and services offered on the subject website.

15

## FOURTEENTH DEFENSE:

Plaintiff's claims are barred because the laws cited do not provide for the relief or recovery of damages as requested.

## FIFTEENTH DEFENSE:

Plaintiff's claims are barred in whole or in part to the extent Plaintiff is not disabled as defined by the ADA, state, city, or local disability laws.

## SIXTEENTH DEFENSE:

Plaintiff has failed to exhaust her administrative remedies or otherwise satisfy necessary preconditions to suite and failed provide good faith notice to Defendant and/or any opportunity for Defendant to respond regarding any alleged access barriers to the website before filing this Complaint.

## SEVENTEENTH DEFENSE:

There are no barriers to accessing the website at issue. However, to the extent barriers are found to exist, their removal would impose an undue burden on Defendant due to the complexity and/or infeasibility of the required technical changes.

## EIGHTEENTH DEFENSE:

Plaintiff's claims are *de minimis* and not actionable because they do not materially impair her use of the subject website.

## NINETEENTH DEFENSE:

Plaintiff's claims are barred under the doctrines of waiver, estoppel, and/or laches.

## TWENTIETH DEFENSE:

Plaintiff's claims are barred and injunctive relief must be denied to the extent the allegations of the Complaint are moot. The website conditions alleged to violate the law no longer exist, and therefore Plaintiff's claims for relief are moot and this Court lacks jurisdiction. Plaintiff is not

entitled to the recovery of attorneys' fees and/or costs for moot claims.

## TWENTY-FIRST DEFENSE:

Class certification is inappropriate because the alleged class cannot establish the requirements of Fed. R. Civ. P. 23 or equivalent law, including, but not limited to, the commonality, typicality, adequacy, superiority, or the predominance requirements.

## TWENTY-SECOND DEFENSE:

The purported class (and subclass) is not defined in an ascertainable manner, and Plaintiff's allegations are insufficient to establish a community of interest or standing to bring suit against Defendant.

## TWENTY-THIRD DEFENSE:

The proposed class lacks standing to challenge the alleged website barriers because they did not attempt to access or use the website before the filing of this action.

## TWENTY-FOURTH DEFENSE:

Plaintiff's claims are barred because the website at issue is not a place of public accommodation as that term is defined by the statutes at issue.

## TWENTY-FIFTH DEFENSE:

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction and the United States Department of Justice has not promulgated any standards, regulations, and/or guidelines governing the accessibility of websites.

## TWENTY-SIXTH DEFENSE:

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff relies upon the Web Content Accessibility Guidelines (WCAG) because such guidelines are not statutory or regulatory authority, but, rather, voluntary guidelines for web accessibility created by a private organization, and Defendant's website is not required to be compliant with those guidelines.

TWENTY-SEVENTH DEFENSE:

Plaintiff's Complaint is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendant asks this Court to dismiss the Class Action Complaint and enter judgment in favor of Defendant, DACM DIGITAL LLC.

Dated: September 25, 2020

s/ Lidia D. Sykisz
Lidia D. Sykisz
NY SBN 4612156, CA SBN 307994
BROWN WEGNER LLP
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: 949.705.0080
Email: lsykisz@brownwegner.com

**Attorneys for Defendant
DACM DIGITAL LLC**

TO: (By NEF)
Jonathan Shalom
SHALOM LAW, PLLC
105-13 Metropolitan Avenue
Forest Hills, New York 11375
Tel: 718.971.9474
Email: Jonathan@ShalomLawNY.com

**Attorneys for Plaintiff**